## In re BARNARD.

(Supreme Court, Appellate Division, First Department. June 2, 1911.)

1. ATTORNEY AND CLIENT (§ 54*)—DISBARMENT PROCEEDINGS—ANSWER—REFERENCE.

Where an attorney in disbarment proceedings filed an answer containing a general denial of all the allegations of the petition, a reference will be required, though many of such allegations were expressly admitted by him when a hearing was had before the grievance committee of the Bar Association.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 73; Dec. Dig. § 54.*]

2. ATTORNEY AND CLIENT (§ 52*)—DISBARMENT PROCEEDINGS—ANSWER.

In proceedings to disbar an attorney, a statement in the answer with reference to the by-laws of the Bar Association and an attack on the methods by which the grievance committee of the Association acted in disciplining respondent, were immaterial, since, when the case is brought before the Supreme Court, the question whether the attorney should be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

disciplined is one which the court determines originally, without refer-- ence to any proceedings by the Bar Association.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 52.*]

In the matter of disbarment proceedings against Horace Barnard,. an attorney, for unprofessional conduct.   Reference ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MIL- LER, and DOWLING, JJ.

Einar Chrystie, for petitioner.

Barclay E. V. McCarty, for respondent.

PER CURIAM.   [1] In view of the fact that the answer of the respondent seems to contain a general denial of all the allegations of. the petition, many of which were expressly admitted by him when be-- fore the grievance committee of the Bar Association, a reference is. necessary before we can dispose of the application.

The form of the certificate of the respondent is nowhere stated in the papers before us.   In view of the claim of the respondent that there was nothing in these certificates which he executed which cer- tified that the parties to whose acknowledgments he certified person- ally appeared before him, the certificates themselves should be before the court.

The respondent strenuously insists that by the will of the testator the administration of the trust was confided to a majority of the trus- tees, and largely bases his argument upon such a provision appearing in the will.   An examination of the will, however, discloses that the only provision which allowed a majority of the trustees to act related to the power to sell and dispose of the real and personal estate de- vised to the trustees by which the manner of sale and the terms up- on which the property should be disposed of was confided to the trus- tees or a majority of them.   There is nothing in the will that em- powers a majority of the trustees to act in the ordinary administra- tion of the trust; this provision being confined to the time and times and manner and terms as to which the power was to be exercised.

[2] There is also included in the answer of the respondent a state- ment as to the by-laws of the Bar Association and an attack on the methods by which the committee of the Association acted in disciplin- ing a member of the Association.   All of these allegations are abso- lutely without materiality, when a case comes before this court to de- termine whether an attorney of the court has been guilty of such mis- conduct as justifies discipline.   Whether or not the committee of the Bar Association complied with its by-laws in its investigation as to members of the Association which it determined to discipline is a question for the Association, with which this court has nothing to. do.   It is remarkable that attorneys who are called upon to answer before this court for their conduct in the discharge of their duty as officers of the court and of the state should consider that an attack upon the Bar Association can be any possible answer to the charges of professional misconduct made against them.   This court has re- peatedly expressed its appreciation of the efforts of the Bar Associa--

tion to maintain the dignity and honor of the profession and the as-
sistance it has been to this court in discharging its duty in relation to
members of the bar who have been unfaithful in the discharge of their
duties, and an attack upon the Association for bringing to the at-
tention of this court charges against a member of the profession is
certainly not considered as an answer to the charges or a justification
of reprehensible conduct.

A reference is therefore ordered.